JOSEPH M. WRIGHT v. JAMES C. DAVIS, Director General and Agent of the CHESAPEAKE AND OHIO RAILROAD COMPANY, and the PULLMAN COMPANY.

(Filed 2 May, 1923.)

1. Government—Railroads—Principal and Agent—Summons—Process.

The courts of this State will take judicial notice that under the provisions of the Federal Transportation Act the President appointed an agent for the management of certain railroad companies in substitution of the powers of the director general of railroads; and an action will not be dismissed as of nonsuit by reason of a summons having been served on the carrier's local agent entitled in the name of the plaintiff against "J. C. Davis, director general and agent," the defendant so named having entered a general appearance accordingly and defended upon the merits of the case.

2. Appeal and Error—Summons—Service—Motions—Objections and Exceptions.

An appeal to the Supreme Court will not directly lie from the refusal of the Superior Court judge to dismiss an action upon the ground of improper service, but upon exception taken the matter will be considered on appeal from a final judgment.

APPEAL by defendants from *Harding, J.,* at November Term, 1922, of GUILFORD.

The verdict for plaintiff upon the issues submitted and judgment. Appeal by defendants.

*J. A. Barringer and R. C. Strudwick for plaintiff.*
*E. D. Broadhurst and Bynum, Hobgood & Alderman for defendants.*

CLARK, C. J. The exception for the refusal of the nonsuit is based upon the ground that the summons is entitled "Joseph M. Wright v. James C. Davis, director general and agent of the Chesapeake and Ohio Railroad Company, and the Pullman Company."

The summons was returned as having been served on "O. F. York, agent of the Pullman Company" which was at that time, as the complaint alleges, being operated by the U. S. Government together with the C. & O. R. R. Co., through James C. Davis, agent, appointed by the

government under the "Transportation Act," ratified 28 February, 1920, which authorized the President to appoint an agent in substitution for John Barton Payne, then director general. James C. Davis filed an answer styling himself "Director general and agent" and verification of the answer was made by O. C. Cox, describing himself in the verification as "Attorney for James C. Davis, director general and agent." At the trial term the record shows that the case entitled "Jos. M. Wright v. James C. Davis, director general and agent of the C. & O. R. R. Co., and agent of the Pullman Company" was tried and the usual issues in an action for damages, sustained by negligence of the defendant, were submitted. The record further shows as follows: "The defendant, James C. Davis, director general and agent of the Pullman Company moves to set aside the verdict for errors and as being against the weight of the evidence; motion overruled and the defendant excepted." Judgment was signed as set out in the record and the defendant appealed to the Supreme Court. The summons, the complaint, the answer, the issues and the judgment are all styled "James C. Davis, director general and agent" and he defended and appealed in that name.

The defendant lays stress in his brief here upon the contention that James C. Davis is not expressly called in the record *"Presidential* agent."

It is contended that he was sued as agent, not as the President's appointee under the act of Congress, but as the agent of the Pullman Company. It is not denied that he is the agent appointed by the President pursuant to the act of Congress. He was sued as such, and as such was in control of the operation of the C. & O. R. R., and the Pullman Co., answered, went to trial, through his counsel moved to set aside the verdict and appealed,—all under that designation. If there was any force in the exception that he now presents, he should have filed an answer setting up the grounds of such defense. He did not do so but appealed in the action generally.

It is true that prior to the trial on 27 December, 1921, the defendant, the Pullman Company, filed a motion to dismiss the action on the ground that at the time the Pullman Company was in possession of and under the complete control of and operated by the director general of railroads, and 1 March, 1922, upon the hearing of said motion, the court found as a fact that service had been made upon "O. F. York, agent of the Pullman Company, and that at the time of said service of summons he was ticket agent of the Pullman Company at Greensboro" and the judge held that such service was sufficient to bring James C. Davis, director general and agent into court in this action and overruled the motion to dismiss, and the defendant excepted.

No appeal lay, of course, from the refusal of the motion to dismiss, but the exception was noted in the record and comes up for a review

upon this appeal from the final judgment in the action. It is clear upon the evidence and the pleading that the suit was against James C. Davis, agent, appointed by the President, in charge generally as agent for the Government of the railroads and the Pullman Company. The service upon York of the Pullman Company was service upon James C. Davis, agent, under whose charge the said company was being operated. *Clements v. R. R.,* 179 N. C., 226; *Gilliam v. R. R., ibid.,* 511, which held (p. 226): "Service upon the local agent was service upon the director general, and also upon the company as represented by him. *Hollowell v. R. R.,* 153 N. C., 19; *Grady v. R. R.,* 116 N. C., 952."

In this case James C. Davis was named in the summons as agent of the Chesapeake and Ohio Railroad Company and the Pullman Company. The defendant rested his motion to dismiss the action upon the ground that Davis was not named in the summons "as agent designated by the President." But as a matter of law of which the court takes judicial notice, and which is not excepted to in the evidence, the President was authorized to appoint an agent to take charge of the railroads and trans-portation companies as agent in succession to Walker D. Hines or John Barton Payne, former directors generals, and as such he appointed James C. Davis agent of the railroads and of the Pullman Company. The words "Director general" would not have strictly and accurately de-scribed him under the act and as a matter of fact, as well as of law, he was James C. Davis, agent, for as a matter of public record and history, John Barton Payne, who had been up to 1 March, 1920, director general of railroads when, in pursuance of the Transportation Act, ratified 28 February, 1920, the President being authorized to appoint an agent to discharge the same duties, James C. Davis was appointed and took charge and who having been served with the summons herein answered, issues were submitted and judgment rendered thereon.

At this term, in *Ashford v. Davis, ante,* 89 (opinion filed 7 March, 1923), the summons was served on the local agent of the railroad and Walker D. Hines, the director general of railroads, appeared and defended. That action had been begun before 1 March, 1920, and subsequently James C. Davis was substituted for the former director general, and the Court held that the motion to dismiss the action was properly denied, citing *Bagging Co. v. R. R.,* 184 N. C., 73.

In another case, *Dixon v. Davis,* 184 N. C., 207, the Court granted a new trial, but disregarded the fact that the defendant was styled director general instead of agent. There being no doubt about the identity of the person sued, and that he was sued as the representative of the rail-roads, the Court interposed no objection to any informality in the title of the defendant. The real defendant in those cases, as in this, was the corporation and the defendant James C. Davis, agent, as to whose identity there was no question, was merely the representative of the

corporations named in the summons, designated by the President as alleged in complaint, and not denied in the answer for the purposes of that action.

In *Bagging Co. v. R. R.,* 184 N. C., 73, where the action was instituted against the Government railroad administration, joining a corporation over whose lines it was alleged that the default occurred for which the action was brought, the Court dismissed the action as to the corporation, but continued it as to James C. Davis, who had been made agent in substitution of Walker D. Hines, director general, the Court holding that the action being on the docket, it would not abate because James C. Davis had not been made a party, but had been substituted as a defendant.

No error.