**DAVIS, Director General R. R., v. GRIFFITH et al.**

No. 13417—Opinion Filed April 29, 1924.

Rehearing Denied Oct. 7, 1924.

**1. Railroads—Nature of Action Against Federal Agent.**

A suit against the Federal Agent, under section 206 of the Transportation Act of 1920, based on a cause of action arising under federal control of railroads, is a suit against the United States government.

**2. United States—Suit Against—Necessity for Government's Consent.**

The United States government cannot be sued without its consent, and, if it gives its consent, it has the right to prescribe the manner, terms, and conditions upon which it may be sued; and it can be sued only in the manner and by a strict compliance with the terms and conditions prescribed. whether the same are reasonable or unreasonable.

**3. Railroads — Federal Control — Action Against Government—Conditions.**

Under section 206 of the Transportation Act of 1920, the United States government consented to be sued. after the termination of federal control of railroads, upon a cause of action arising during federal control, in the name of the agent appointed by the President for such purpose and in office at the time the action was commenced.

**4. Same—Federal Agents—Substitution of Parties—Defective Process.**

A suit under Transportation Act of 1920, based upon a cause of action arising during federal control of railroads, brought against John Barton Payne. a former presidential agent, did not make the United States government a party defendant to such action;

and an attempted substitution of James C. Davis, the duly appointed and acting presidential agent, for John Barton Payne, Agent, resigned, did not confer jurisdiction over the United States government and such jurisdiction could be acquired only by proper service of process.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Frank Griffith and L. D. Alexander against James C. Davis, Director General of Railroads, Agent under section 206 of the Transportation Act. 1920. Judgment for plaintiffs, and defendant brings error. Reversed and remanded, with instructions.

C. O. Blake. W. R. Bleakmore, A. T. Boys. and W. F. Collins, for plaintiff in error.

Suits & Hall, for defendants in error.

Opinion by JARMAN, C. This action was commenced in the district court of Oklahoma county on April 6, 1921, by Frank Griffith and L. D. Alexander against "John Barton Payne, Agent, United States Railway Administration, Chicago, Rock Island & Pacific Railway Company," to recover damages alleged to have been caused by the negligent delay in the transportation of a shipment of cattle from Texline, Tex., to Oklahoma City, Okla. Summons was served on E. E. Blake, service agent of the C., R. I. & P. Ry. Co. On July 15, 1921, on motion of the plaintiffs, the court made an order directing that "James C. Davis, Director General of Railroads as Agent under Section 206 of the Transportation Act of 1920" be substituted as party defendant for "John Barton Payne, Agent, United States Railway Administration, C., R. I. & P. Ry. Co." On July 16, 1921, without issuing a summons or procuring service thereof on "James C. Davis, Director General of Railroads as Agent under Section 206 of the Transportation Act of 1920," and without notice to him, the court rendered a default judgment against the said defendant for the amount sued for. On July 29, 1921, the said defendant, James C. Davis, the agent designated under Transportation Act of 1920, entered a special appearance and moved the court to vacate and set aside the judgment rendered against him for the reason that the court acquired no jurisdiction over the defendant by the attempted substitution of him for "John Barton Payne, Agent, United States Railway Administration, C., R. I. & P. Ry. Co.," the original defendant, without procuring service of summons on him. This motion was overruled by order of the court and the defendant brings error.

The contention of the defendant is that the judgment of the trial court is void for the reason that the same was rendered without procuring service on the defendant as required by law.

It is the contention of the plaintiffs that it was unnecessary to procure service on said defendant for the reason that this is an action against United States Government, and that service of summons was had on the proper service agent of the C., R. I. & P. Ry. Co. and there was a mere mistake made in designating John Barton Payne as Agent, under the Transportation Act of 1920 instead of James C. Davis as such agent and, that, under section 318, Comp. Stat. 1921, the court was authorized to make a correction in the name of the defendant by substituting James C. Davis, Agent.

An action against the Federal Agent of Railroads for damages, occasioned by the operation of railroads under federal control, is an action against the United States. Whalen Paper & Pulp Mills v. Davis, 228 Fed. 438. The main question to be determined here is, Was the United States Government sued when this action was commenced on April 6, 1921? If this question should be answered in the affirmative, then the United States Government has been a party defendant all the time and the substituting of James C. Davis, Agent, for John Barton Payne, Agent, under Transportation Act of 1920, was authorized as it merely corrected the description or name of the real defendant. To answer this question, it is necessary to review the history of the federal control of railroads, which included the road of the Chicago, Rock Island & Pacific Company.

The railroads were placed under federal control by act of Congress approved August 29, 1916 (39 Stat. 619), and this control continued to March 1, 1920. The act of Congress of March 21, 1918, provided that federal control might be exercised through such agencies as the President selected, and, under this authority, the President appointed William G. McAdoo Director General of Railroads. Thereafter, and on October 28, 1918, General Order No. 50, directing that actions should be brought against "William G. McAdoo, Director General of Railroads and not otherwise," was promulgated. On January 10, 1919, William G. McAdoo resigned and Walker D. Hines was appointed to succeed him and, under his administration, General Order No. 50 A was issued, providing that actions should be maintained against the "Director General of Railroads." Under act of Congress of February 28, 1920 (41 Stat. 456), known as the Transporta-

tion Act, the federal control of railroads ceased on March 1, 1920. Section 206 of said act provides that an action of this nature, which arose under federal control, may, after the termination of federal control, be brought against the "agent designated by the President for such purpose" and providing, further, that such agent should be designated by the President within 30 days after the passage of said act. By proclamation of the President of March 11, 1920, Walker D. Hines was appointed as such agent; on May 28, 1920, Walker D. Hines was succeeded, as such agent, by John Barton Payne, and, on March 28, 1921, John Barton Payne was succeeded, as such agent, by William C. Davis. It will, therefore, be seen that, at the time this action was brought, John Barton Payne had resigned and James C. Davis was the agent designated by the President under the Transportation Act of 1920.

It is an elementary rule of law that the United States government cannot be sued without its consent, and, if it gives its consent, it has the right to prescribe the terms and conditions upon which it may be sued; and it can be sued only by compliance with such terms and conditions, whether reasonable or unreasonable. Hands v. State of La., 134 U. S. 1, 10 Sup. Ct. 504, 33 L. Ed. 842; Bailey v. Hines (Va.) 109 S. E. 470; Vassau v. N. Pac. Ry. Co. (Mont.) 221 Pac. 1069. The United States government gave its consent to be sued by Act of Congress in cases of the character of the one at bar, arising during the federal control of the railroads, and it prescribed the terms and conditions upon which suits might be maintained against it by requiring that such suits be brought against an "Agent designated by the President for such purpose." This entire controversy, therefore, depends upon the construction to be given the language used, "Agent designated by the President for such purpose."

Subdivision (d) of section 206 of Transportation Act of 1920 provides that suits pending at the termination of federal control shall not abate but may be prosecuted to final judgment by substituting the "Agent designated by the President under subdivision (a)". This shows clearly that Congress meant that the action must be maintained against the person who was named by the President as agent and not against the office of "Agent designated by the President for such purpose." By act of Congress approved March 3, 1923 (42 Stat. 1443), section 206 of Transportation Act of 1920 was amended by providing that actions of the character described in subdivision (a), (c), or (d) of said section 206, when properly

commenced and within the time prescribed and which were pending at the time said Act of March 3, 1923, became effective, shall not abate, by reason of the death, resignation, removal from office, or expiration of the term of office of the agent designated by the President under section 206 of said Transportation Act, but may be prosecuted to final judgment by substituting the agent designated by the President then in office. If the action is to be maintained against the office of the "Agent designated by the President for such purpose," what need would there be for the substitution of parties defendant under the act of March 3, 1923?

It is clear, therefore, when the United States government, by act of Congress, consented to be sued and directed that suits should be maintained against it by suing the "Agent designated by the President, for such purpose," which means the same thing as the agent who was named by the President for such purpose, that a suit could not be brought against the government, except by bringing it against the person who was named and was acting as the agent under the Transportation Act of 1920. The government, the sovereign power, consented to be sued and the manner in which it consented to be sued was a sovereign edict and it must be complied with strictly, whether we feel that it is reasonable or unreasonable.

The question involved here is very ably and fully discussed by the court in the case of Vassau v. N. Pac. Ry. Co. (Mont.) 221 Pac. 1069, and we fully concur in the views therein expressed. The cases cited by the plaintiffs, Bailey v. Hines (Va.) 109 S. E. 470, and Arkansas Land & Lumber Co. v. Davis (Ark.) 244 S. W. 730, sustaining their contention, are based upon and largely influenced by the local statutes of said states, and we do not think they are controlling, because the question here is determined solely by the construction to be given the language used in section 206 of the Transportation Act of 1920.

We conclude that the United States could be sued only by making the Agent, named by the President under Transportation Act of 1920 for such purpose, party defendant, who in this instance was James C. Davis; and that the trial court acquired no jurisdiction by the attempted substitution of Davis for Payne, since such jurisdiction could be had only by service of process.

It, therefore, follows that the court erred in overruling the special appearance of the defendant; and the judgment of the trial court is reversed and the cause remanded, with instructions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.