# Wytheville.

## MELLON, DIRECTOR GENERAL, ETC. V. PURSE BROTHERS.

### June 17, 1927.

1. RAILROADS—*Governmental Control—Action Against Agent Designated by the President—Striking out Name of Agent—Case at Bar.*—The instant case was brought against "John Barton Payne, director general of railroads, etc." The action could not have been brought against the director general but only against the "agent designated by the president for such purpose" (U. S. Comp. Stat., section 10071¼ cc). At the institution of the action John Barton Payne was no longer director general, so that even if the right of amendment by striking out the name of the agent as surplusage was warranted and the words "John Barton Payne, director general of railroads" were stricken out, there would have been nothing left except the contraction "etc." which would mean nothing. The Supreme Court of Appeals, however, did not rest its decision, in the instant case, on this narrow ground.

2. STARE DECISIS—*Federal Statutes—Construction by Supreme Court Controlling upon all Courts.*—The true intent and meaning of a Federal Statute, even as to the method of enforcement, is a federal question upon which the decision of the United States Supreme Court is controlling upon all courts, State and Federal.

3. RAILROADS—*Governmental Control—Agent Designated by the President—Director General.*—The director general of railroads and the agent designated by the president were distinct and separate officers.

4. RAILROADS—*Governmental Control—Action for Damages against the Railroad—Action against Former Director General Instead of against Agent Designated by the President—Case at Bar.*—The instant case, an action for damages against a railroad, was brought against "John Barton Payne, director general of railroads, etc." In June 1921, when the proceeding was commenced, John Barton Payne was not director general of railroads nor statutory agent. James C. Davis was director general and statutory agent. The action was not revived nor a motion to substitute James C. Davis as agent made until after the lapse of four years from the time the action was brought.

*Held:* That the action was not properly brought in the first instance, no motion was made to amend within the time prescribed by law and the substitution of James C. Davis as agent for John Barton Payne, director general of railroads, was error.

5. RAILROADS—*Governmental Control—Action Wrongly Instituted Against Former Director General—Acceptance of Notice to Take Deposition—Jurisdiction—Case at Bar.*—The instant case, an action for damages against a railroad, was brought against "John Barton Payne, director general of railroads, etc.," after his resignation had been accepted. While the action was pending against John Barton Payne, director general, as sole defendant, the general issue was pleaded by him, and subsequently a notice to take depositions was addressed to "J. C. Davis, director general of railroads, as agent under section 206 of the transportation act of 1920, formerly operating Norfolk and Southern Railroad," and service thereof was accepted by counsel for the defendant.

*Held:* That neither the plea by Payne, nor the acceptance of notice to take depositions by his counsel, could in any way affect the rights of Davis or confer upon the trial court jurisdiction over him.

6. RAILROADS—*Governmental Control—Limitation of Actions for Damages—Waiver.*—Under the transportation act of 1920, section 206, U. S. Comp. St., section 10071½ cc, the two year limitation within which actions could be brought against the agent designated by the president is a condition of liability and not merely a period of limitation, and could not be waived, as the suit was one against the government, which only consented to be sued within a designated time.

Error to a judgment of the Circuit Court of the city of Norfolk in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*C. M. Bain* and *Jas. G. Martin*, for the plaintiff in error.

*W. P. McBain*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was a proceeding by notice of motion for a judgment, brought by Purse Brothers, in June, 1921, to

recover damages for negligent failure to safely transport freight during the period of Federal control. The notice was addressed to, and judgment was asked against, "John Barton Payne, director general of railroads, etc." In June, 1921, when the proceeding was commenced, John Barton Payne was not director general of railroads, nor statutory agent, having resigned March 28, 1921. James C. Davis was director general and statutory agent in June, 1921. On July 11, 1921, James G. Martin appeared and pleaded the general issue for the defendant, upon which issue was joined and the case continued. No further order appears to have been entered till March 10, 1925, when the defendant moved to dismiss the motion of the plaintiff, but the court refused to do so. On November 4, 1925, the defendant, John Barton Payne, director and agent, renewed his motion to dismiss the action on the ground that he was not director general nor agent when the action was commenced and had not been at any time since, but the motion was overruled and he excepted. Thereupon the plaintiffs moved the court to allow the plaintiffs to strike out the name of John Barton Payne as defendant in this case, and to substitute in the place and stead thereof the name of James C. Davis, director general of railroads and agent under section 206 of the transportation act of 1920 (Comp. St., section 10071¼ cc), which motion was granted and the substitution of the name of James C. Davis allowed; and thereupon said James C. Davis, director general of railroads and agent under section 206 of the transportation act of 1920, appeared specially only by his attorney, but did not appear generally, and on this special appearance moved the court not to allow the substitution and not to bring him into the case, on

the ground that such substitution was illegal, that no such substitution could be made at this time, that under the acts of Congress and rules and laws relating thereto, no such substitution could be made; but the court overruled this motion and allowed said substitution, to which action of the court said James C. Davis, director general of railroads and agent under section 206 of the transportation act of 1920, duly excepted. And thereafter said James C. Davis, director general of railroads and agent under section 206 of the transportation act of 1920, not waiving his aforesaid special appearance, but insisting upon said special appearance, and insisting that his substitution in this case was illegal, pleaded the general issue and the statute of limitations, and that the statutes and laws prevented any recovery in this case at this time and any bringing of him into this case at this time, and it was agreed by plaintiffs that the writing of pleas on this subject was waived, in order to avoid delay in writing the pleas out. And this case abated as to John Barton Payne, former director general of railroads and former agent under section 206 of the transportation act of 1920, and neither party demanding a jury the whole matter was submitted for decision by the court, and the court, after hearing the evidence and argument by counsel, gave judgment for the plaintiffs for the amount of their claim, to which action of the court the said Davis duly excepted.

It is assigned as error that the Circuit Court erred in not dismissing the case, and in allowing the substitution of James C. Davis, director general of railroads and statutory agent, as a defendant, and the bringing of him into the case on the 4th day of November, 1925, and in entering judgment against him.

In the petition for writ of error it is said: "In the case at bar the original proceeding was *not commenced*

*against a person who was in office at all at that time; furthermore, it was never revived nor any subsitution made against the proper director general of railroads within any of the times allowed by the statutes,* being long after all those times had elapsed. The substitution against the new director general and agent, towit, James C. Davis, was without any authority of law, whatever, and after the limit prescribed for such substitution had passed."

[1] The defendants in error, to support their recovery, rely upon *Bailey* v. *Hines*, 131 Va. 421, 109 S. E. 470. In that case it was held that the name of the agent might be stricken out as surplusage, and if otherwise properly described the suit might proceed. The authorities to support the opinion are cited in the opinion. See also *Arkansas Land & Lumber Co.* v. *Davis*, 155 Ark. 541, 244 S. W. 730. A different view was taken by several other States and it was held that it was necessary to accurately state the name of the agent, although the transportation act (section 2061a) simply required the suit to be brought against an "agent designated by the President for such purpose," without saying that the name of the agent should be stated. Amongst other authorities, see *Vassau* v. *Northern Pac. R. Co.,* 69 Mont. 305, 221 Pac. 1069, 1072–3; *Davis, Director General,* v. *Griffith,* 103 Okla. 137, 229 Pac. 499, both of which were decided after *Bailey* v. *Hines.* The right of amendment by striking out the name of the agent as surplusage was certainly fully warranted by the statutes and practice in this State, and seemed to have been authorized by *Missouri Pac. R. Co.* v. *Ault,* 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. 593, cited in the *Hines Case.* But in the instant case neither the name nor the designation of the defendant is

correctly given. The action is against "John Barton
Payne, director general of railroads, etc." The action
could not have been brought against the director
general, but only against the "agent designated by
the President for such purpose," and if the designation
"John Barton Payne, director general of railroads"
be stricken out, there would be nothing left except the
contraction "etc.," which would mean nothing. But
we do not wish to rest our decision on so narrow a
ground, and prefer to decide the case as if in lieu of
"etc.," there had been "and agent designated by the
President for such purpose."

[2] At the time *Bailey* v. *Hines* was decided the
statute under consideration had not been construed
by the Supreme Court of the United States, there
were very few decisions by the State courts, and con-
flicting views were entertained by the inferior Federal
courts, and even now we have no opinion on the sub-
ject by the Supreme Court. The statute, however, is a
Federal statute, and its true intent and meaning, even
as to the method of enforcement, is a Federal question
upon which the decision of the United States Supreme
Court is controlling upon all courts, State and Federal.

Several memorandum decisions by the Supreme
Court have been cited by counsel for the plaintiff in
error, but we regard only two of them as controlling.

In *United States Ry. Administration* v. *Slatinka*, 260
U. S. 747, 43 Sup. Ct. 247, 67 L. Ed. 494, the court
made this memorandum: "Petition for writ of cer-
tiorari to the Supreme Court of the State of Iowa
denied because case abates for failure to substitute
successor of petitioner within one year after petitioner
vacated office." This necessarily meant that the agent
must be named in the proceeding for recovery,

for if his name was mere surplusage, no revival was necessary and there would have been no abatement.

[3] In *Rauch* v. *Davis*, 270 U. S. 653, 46 Sup. Ct. 352, 70 L. Ed. 782, a certiorari to the Court of Appeals of the District of Columbia was denied. The facts of that case were in many respects similar to those in the instant case. In that case the action was brought against Walter D. Hines, director general, on May 19, 1920, the day after he resigned, and judgment was rendered against him on October 5, 1922. On December 17, 1923, a motion was made by the plaintiff to amend the proceeding and the judgment against the defendant so as to read: "James C. Davis, director general of railroads (Hudson & Manhattan Railway Company), and agent of the President," and the amendment was allowed by an order made February 1, 1924. The Court of Appeals of the District of Columbia (*United States ex rel. Rauch* v. *Davis*, 56 App. D. C. 46, 8 Fed. (2d) 906) held that the judgment rendered on October 5, 1922, against Walter D. Hines, director general, "was void, since he was sued only as director general and not as agent designated by the President, these being distinct and separate offices, and since in fact he did not hold either office when the summons was served, nor at any time during the pendency of the action."

In the course of the opinion it is further said: "It is suggested that the manifest purpose of the action was to procure a judgment which should be enforceable against the funds of the railroad administration, that the individual name of agent to be sued was of no real consequence, and that the aforesaid misnomer should be disregarded. This suggestion is answered by the fact that the act provides that after the termination of Federal control actions of this character

may be brought only against the agent designated by the President for that purpose. The act also provides that a case properly commenced against the director general, and pending against him at the termination of Federal control, shall not abate by reason of such termination but may be prosecuted to final judgment, after the substitution of agent designated by the President under the act. In each instance the agent, not his official title alone, must be named as defendant. *Tutsch* v. *Director General of Railroads*, 52 Cal. App. 650, 199 Pac. 861; *Davis, Director General of Railroads* v. *Griffith*, 103 Okla. 137, 229 Pac. 499; *Vassus* v. *Northern Pacific Railway Company*, 69 Montana 305, 221 Pac. 1069, 1072, 1073.

"It follows also that the order of February 1, 1924, amending and changing the judgment already entered against 'Walker D. Hines, director general, Hudson & Manhattan Railway Company,' so that it would run against 'James C. Davis, director general of railroads (Hudson & Manhattan Railway Company) and agent of the President, was void, since otherwise the so-called amendment would have the effect of giving validity to the judgment at a time more than two years subsequent to the enactment of the transportation act, whereas Congress had refused consent to the bringing of such actions after that period. Transportation act, 1920, section 206 (a); *Davis* v. *Chrisp*, 159 Ark. 335, 252 S. W. 606, certiorari denied, 263 U. S. 710, 44 S. Ct. 36, 68 L. Ed. 518. Nor was the order authorized by the act of March 31, 1923, amending section 206 of the transportation act [42 Stat. 1443], since that enactment relates only to 'actions * * * properly commenced within the period of limitations prescribed, and pending at the time this sub-division takes effect.' The action now in question

was not properly commenced, nor was it pending at the time when the subdivision took effect.

"It is settled beyond dispute that actions at law which may be brought against the agent designated by the President under the transportation act, are in legal effect actions against the United States. *Du Pont De Nemours & Company* v. *Davis, Director General*, 264 U. S. 456, 462, 44 S. Ct. 364, 68 L. Ed. 788. It is also true that since the United States can be sued only with the consent of Congress, the conditions imposed by Congress in respect to such actions must be strictly followed. *McElrath* v. *United States*, 102 U. S. 426, 440, 26 L. Ed. 189; *Chillinger* v. *United States*, 155 U. S. 163, 166, 15 S. Ct. 85, 39 L. Ed. 108; *Price* v. *United States*, 174 U. S. 373, 375, 19 S. Ct. 765, 43 L. Ed. 1011; *Davis, Agent* v. *Donovan*, 265 U. S. 257, 263, 44 S. Ct. 513, 68 L. Ed. 1008. And where the congressional consent specifies the time within which such actions may be brought, the provision operates as a condition of liability, not merely as a period of limitation. *Finn* v. *United States*, 123 U. S. 227, 233, 8 S. Ct. 82, 31 L. Ed. 128; *James C. Davis, Agent* v. *L. L. Cohen & Company*, 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129."

[4] In the instant case the "agent designated by the President for such purpose" is neither named nor described in the notice of motion; the director general mentioned in the notice did not hold that position or the position of agent, either when the action was brought or at any time thereafter, and the action was not revived, nor was the motion to substitute James C. Davis as agent made till after the lapse of four years from the time the action was brought. The action was not properly brought in the first instance, no motion was made to amend within the

time prescribed by law, and the refusal of the writ of certiorari in *Raush* v. *Davis, supra,* seems to be conclusive of the instant case.

[5, 6] While the action was pending against John Barton Payne, director general, as sole defendant, the general issue was pleaded by him, and subsequently a notice to take depositions was addressed to "J. C. Davis, director general of railroads, as agent under section 206 of the transportation act of 1920, formerly operating Norfolk and Southern railroad," and service thereof was accepted by James G. Martin, counsel for the defendant. The only defendant was John Barton Payne, director general of railroads. Neither the plea by Payne, nor the acceptance of notice to take depositions by his counsel, could in any way affect the rights of Davis or confer upon the trial court jurisdiction over him. He was not a party to the action, and could not be made such by the acceptance of notice as aforesaid. Furthermore, at the time the notice was acknowledged the two years in which the action could be brought under section 206 of the transportation act had elapsed, and as the suit is one against the government which has only consented to be sued within a designated time, the limitation is a condition of liability and not merely a period of limitation, and could not be waived. *Finn* v. *United States,* 123 U. S. 227, 233, 8 S. Ct. 82, 31 L. Ed. 128.

The judgment of the trial court will be reversed, and a judgment entered in this court dismissing the action of the defendant in error, with costs to the plaintiff in error.

*Reversed.*