# Richmond.

## JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS AND AGENT DESIGNATED BY THE PRESIDENT, ETC. v. L. J. UPTON AND COMPANY, INC.

March 13, 1930.

Absent, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Thomas B. Gay* and *William Leigh Williams*, for the plaintiff in error.

*James E. Heath*, for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

John Barton Payne, director general of railroads and agent designated by the president under section 206 of the transportation Act of 1920 (49 U. S. C. A., section 74), complains of a judgment in favor of L. J. Upton and Company, Incorporated. The cause of action was based upon the alleged negligence of the agents of the director general in the operation of the Southern Railway during the period of Federal control and operation.

The defendant named in the declaration was "John Barton Payne, Director General of Railroads," and the error assigned is that an amendment to the declaration was permitted July 3, 1928, by adding to the designation of the person sued the words, "and also agent designated by the president under the terms of section 206 of the transportation act." It seems to be conceded that had this amendment been made before the expiration of two years from February 28, 1920, the date of the adoption of the transportation act, it might have been lawfully made, but the contention is that having been made after that date, it was a nullity since the cause of action sued upon arose during the period of Federal control of railroads and that as more than two years had elapsed, the suit could not then be brought against an agent designated by the president under the act.

In view of some of the decisions, the question is not free from difficulty. Kindred questions have arisen twice in this court.

In *Bailey* v. *Hines*, 131 Va. 421, 109 S. E. 470, a similar cause of action, the defendant named in the writ was Walker D. Hines, director general of railroads, and his successor in office, as the agent, etc. It appeared, however, that before the institution of the action Hines had resigned and that John Barton Payne had been appointed, and was at the date of the institution of the action, and at the time of the filing of the plea, director general and agent. This court permitted the amendment, and cited *Standard Paint Co.* v. *E. K. Vietor & Co.*, 120 Va. 595, 91 S. E. 752, construing our liberal statute as to amendments and our rule to disregard any error or defect which does not affect the substantial rights of the parties. Code, section 6104.

This construction of the transportation act of 1920 does not seem to have been generally followed. In the later case of *Mellon* v. *Purse Bros.*, 148 Va. 262, 138 S. E. 647, the action was brought against "John Barton Payne, Director General of Railroads," etc., but at the time the action was instituted Payne was neither director general of railroads nor agent; and following the Supreme Court of the United States and the apparent weight of authority this court held that J. C. Davis, director general of railroads and agent, could not be substituted for John Barton Payne as defendant in the action.

In *Du Pont de Nemours & Co.* v. *Davis*, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788, it was held that in an action brought by the director general of railroads to recover demurrage charges accruing during the Federal operation of railroads, the mere fact that the

plaintiff designated himself as agent did not defeat the right of action, but the use of the words "as agent" was treated as surplusage.

In the case of *Mellon* v. *Arkansas Land & Lumber Co.*, 275 U. S. 460, 48 S. Ct. 150, 151, 72 L. Ed. 372, it was held that the proper agent designated by the President for defending suits arising out of the Federal control of railroads could not be substituted for the person erroneously named as such agent after the expiration of the period of limitation prescribed by the State law for such actions. In that case the original action was brought against Payne, director general, as agent, but he had resigned as director general and agent more than three months before that date and James C. Davis had been designated by the President his successor as director general and as agent. More than three years after the cause of action accrued, the period of limitation fixed by the Arkansas statute, the State court permitted the substitution of Davis as the defendant. The Supreme Court of the United States found this to be error, in this connection saying: "The United States had not consented to being sued after the termination of Federal control except as provided by section 206 of the transportation act; that is, by a suit brought against the agent designated by the president for such purpose, within the period of limitation prescribed by the State statute. This plainly meant that the suit must be brought within the period of limitation against the person who was the designated agent and alone had authority to represent the government. The bringing of the suit against Payne, who was not the designated agent, was not a compliance with this requirement and brought no representative of the government before the court. *Davidson* v. *Payne* (C. C. A. 8th), 289 Fed. 69. The

substitution of Davis, the designated agent, was not the correction of an error in the name of the defendant, but the bringing in of a different defendant, and was in effect the commencement of a new and independent proceeding against him to enforce the liability of the government. * * * And, as this substitution, being made more than three years after the cause of action had accrued, was not a compliance with the requirement of the transportation act, that the action be brought against the designated agent within the period of limitation prescribed by the State statute, the plea should have been sustained and the suit dismissed."

The question has been frequently presented in that form, that is, where the wrong person had been sued as agent. This is true in the case of *Davis, Director General,* v. *Griffith,* 103 Okl. 137, 229 Pac. 499, where Payne was named as the defendant after he had resigned, and it was held to be error to permit the substitution; that jurisdiction could only be acquired by suing the individual who was at the time of the institution of the suit the agent designated by the president for that purpose.

In *United States, ex rel. Rauch* v. *Davis,* 56 App. D. C. 46, 8 Fed. (2d) 907, the action was against Walker D. Hines, director general, Hudson & Manhattan Railway Company, brought one day after his resignation as director general and agent appointed under the transportation act. The defendant did not appear, and judgment went against Hines as director general. It was held that an order thereafter entered amending the judgment so as to run against James C. Davis, director general, etc., of the railroad, was void as it would have the effect of giving validity to the judgment more than two years after the enactment of the transportation act. In that case *certiorari* to the

Court of Appeals of the District of Columbia was denied. *Id.*, 270 U. S. 653, 46 S. Ct. 352, 70 L. Ed. 782.

Quite a similar state of facts existed in *Vassau* v. *Northern Pacific Railway Co.*, 69 Mont. 305, 221 Pac. 1069. There the cause of action arose during government control, and the action was brought against John Barton Payne, as director general of railroads and as agent appointed by the President under the transportation act of 1920. The defendant, Payne, appeared and pointed out that James C. Davis was then and at the time of the institution of the action had been the agent designated by the President, against whom the action should have been brought. Thereafter, on February 4, 1922, upon motion of the plaintiff the title of the action was changed by inserting the name of James C. Davis, as agent appointed by the President under the transportation act of 1920, in lieu of the designation of Payne. It was held that the United States did not become a party to the action until Davis was brought into it, and that at that date the action was barred by the statutory limitation.

In *Angelicchio* v. *Director General of Railroads*, 81 Pa. Super. Ct. 395, it was held that an action brought against the director general of railroads instead of the director general as agent, etc., is amendable under the statute of Pennsylvania by adding the designation of agent. *Moss* v. *Davis, Director General*, 139 S. C. 102, 137 S. E. 442.

In *Wright* v. *Davis, Director General*, 185 N. C. 354, 117 S. E. 347, the defendant was described as "James C. Davis, director general and agent of the Chesapeake and Ohio Railroad Company and the Pullman Company." It was held that the fact that Davis was thus described instead of being described as agent appointed by the President as directed in the transportation act, was no ground for a non-suit.

The subject is discussed and the cases collected in a note, 52 A. L. R. 319.

In nearly all of the cases in which the question has arisen, the action has been against the wrong individual, but if the motion to substitute the real person is made before the action is barred by the statute (but not thereafter), it is generally held that the name of the right person as agent may be substituted and thus the mistake may be corrected.

The case of *Jenness* v. *Payne*, 81 N. H. 308, 125 Atl. 679, appears to sustain the contention of the plaintiff in error, that the failure to use the word "Agent," in connection with the name of John Barton Payne, was fatal, and that the addition to the designation could not be made. There the action was brought, just as this one was, against John Barton Payne, director general of railroads. It was brought for a cause of action which accrued during government operation and control, and the court held that it could not be maintained because John Barton Payne was not sued as agent. We are constrained to differ from this conclusion. The statute and the proclamation of the President determine the question. Portions of the statute, transportation act of 1920, section 206 (a), the pertinent portion of sections 206 (b) and 206 (c), 49 U. S. C. A., section 74 (a), (b), (e), read:

206 (a). "Actions at law, suits in equity, and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal control act, or the act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated

by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

206 (b). "Process may be served upon any agent or officer of the carrier operating such railroad or system of transportation, if such agent or officer is authorized by law to be served with process in proceedings brought against such carrier and if a contract has been made with such carrier by or through the President for the conduct of litigation arising out of operation during Federal control. * * *"

206 (e). "Final judgments, decrees, and awards in actions, suits, proceedings, or reparation claims, of the character above described, rendered against the agent designated by the president under subdivision (a), shall be promptly paid out of the revolving fund created by section 210."

Under that statute, the President, Woodrow Wilson, appointed Walker D. Hines as the agent against whom such suits should be instituted, using in his proclamation (41 Stat. 1789) this language: "* * * do hereby designate and appoint Walker D. Hines, director general of railroads, and his successor in office, as the agent provided for in section 206 of said act approved February 28, 1920." When Hines resigned, John Barton Payne was appointed as his successor, as director general of railroads. He was also, by a separate proclamation (41 Stat. 1794), designated as the agent against whom suits should be instituted,

and this language is used: "Now, therefore, I, Woodrow Wilson, President of the United States, under and by virtue of the power and authority vested in me by said act, and of all other powers me hereto enabling, do hereby designate and appoint, effective the 18th day of May, 1920, John Barton Payne, director general of railroads, and his successor in office, as the agent provided for in section 206 of said act, approved February 28, 1920."

The words used, "director general of railroads," clearly identify the individual so designated, against whom actions might be brought in such cases. It seems to us to be as though the President had named "John Barton Payne, once of Chicago, now of Washington, D. C.," as the agent who might be sued. He might have appointed any individual and identified him by any appropriate language. He saw fit to appoint the individual, John Barton Payne, and to identify him by the words, "director general of railroads," as the agent.

Now in this case the action was brought in due time, the process was served according to law. The individual described precisely as the President had described him, "John Barton Payne, Director General of Railroads," was the person named as defendant, and the declaration showed that it was for a cause of action which arose during the period of government operation of the Southern Railway, for which the government consented to be sued upon the sole condition that the agent named by the President should be made defendant.

The case may be distinguished from any of the cases to which we have been referred except the *New Hampshire Case*. Here the right individual was named, and at the time the action was instituted it was not barred.

There is no doubt about the identity of the person against whom the action was, and he was the person designated by the President as the agent of the United States against whom such suits might be brought, and so the requirements of the statute and proclamation are met. It seems to us to be a narrow and meticulous construction of the act and proclamation to hold that John Barton Payne was sued as director general merely because that title was used. The court will take judicial notice of the act of Congress and of the President's proclamation, and all litigants are likewise bound thereby. We perceive no good reason for doubting that John Barton Payne, director general of railroads, was here originally sued, not as director general, but as agent. The use of the title director general is not inconsistent, because that is the title applied to the agent by the President in his proclamation. No action against John Barton Payne as director general of railroads could be maintained for the cause of action sued upon, and hence the plaintiff should not be held to have sued him as director general unless the purpose to do so is manifest. The insistence of the plaintiff in error that he was sued as director general of railroads, in error is based solely upon the use of this title, but this is the precise title given to Payne as agent by the proclamation, and so is an assumption which is not warranted solely by the use of that title, and is contra-indicated when the declaration is read. This shows that he was sued for a cause of action for which he could only be sued as agent, and that he could not be sued therefor as director general.

Upon the whole case, we are of opinion that the amendment was unnecessary and that there is no error in the judgment.

*Affirmed.*