**MICKLE et al. v. HINES, Director General of Railroads, et al. (No. 2231.)**

(Court of Civil Appeals of Texas. Amarillo. June 4, 1924.)

Railroads ⊜⟶5½, New, vol. 6A Key-No. Series —Substitution of federal agent need not be within twelve months.

Where shipper's action arose out of federal control, it was error to dismiss the action on the ground that the Agent designated by the President had not been substituted as defendant in lieu of such an Agent who had resigned, within twelve months after such resignation; U. S. Comp. St. § 1594, requiring the successor of an official of the United States government to be made a party to suit within twelve months being inapplicable, as Federal Transportation Act 1920, § 206, subds. (a), (d), being U. S. Comp. St. Ann. Supp. 1923, § 10071¼ cc, leaves the time for substitution subject to state statutes of limitation.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Suit by Joe J. Mickle and another against Walker D. Hines, Director General of Railroads, and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

Underwood, Jackson & Johnson, of Amarillo, for appellants.

Madden, Adkins & Pipkin, of Amarillo, for appellees.

RANDOLPH, J. The following statement of the case is taken from the appellants' brief:

"Appellants Joe J. Mickle and Omer O. Mickle, plaintiffs below, filed this suit in the county court of Potter county, Tex., against Walker D. Hines, the Panhandle & Santa Fé Railway Company, and the Fort Worth & Denver City Railway Company, as defendants, alleging that Walker D. Hines was Director General of Railroads under the United States administration, and that the defendants Panhandle & Santa Fé Railway Company and the Fort Worth & Denver City Railway Company were private corporations, doing business in Potter county, Tex., and each with an office in the city of Amarillo, in said county, in charge of their local agents."

The basis of the suit was a claim for damages to live stock and an overcharge for feed furnished.

Walker D. Hines, one of the defendants in said suit, answered by demurrer and general denial.

"Defendants, Fort Worth & Denver City Railway Company and the Panhandle & Santa Fé Railway Company, in answer to plaintiffs' original petition, allege that this cause of action, if any, accrued while said railroads were under federal control, and that if any cause of action plaintiffs have it is against the United States government, which must be prosecuted

against the Agent of said government, and prayed that this suit be dismissed against each of them, and that they go hence with their costs."

Plaintiffs by their first amended original petition, filed on February 8, 1921, substituted John Barton Payne, in lieu of the defendant Walker D. Hines.

Plaintiffs, on November 27, 1922, filed their motion to substitute James Cox Davis, in lieu of the defendant John Barton Payne, alleging that said John Barton Payne is no longer designated by the President of the United States under the Transportation Act of 1920, against whom suits may be brought and prosecuted, and that the said James Cox Davis is now the duly authorized and acting agent of the President of the United States under said act, against whom suits arising under federal control of railroads may be prosecuted to judgment.

James Cox Davis, Director General and federal Agent, filed in the trial court a motion to dismiss this cause of action for the reason that he, as Director General and federal Agent, had not been substituted as a defendant in lieu of John Barton Payne within 12 months after the resignation of the said John Barton Payne, which occurred on the 28th day of March, 1921, as provided by subdivision (a) of section 206 of the Transportation Act of Feb. 28, 1920 (U. S. Comp. St. Ann. Supp. 1923, § 10071¼ cc).

Upon the hearing of each of said motions plaintiff's motion to substitute James Cox Davis as defendant was overruled, and the motion to James Cox Davis to dismiss this cause of action was sustained and the cause dismissed.

Appellees insist that the motion to substitute the name of the succeeding Director General of Railroads comes too late because it was not filed within 12 months after said successor in office was appointed. To sustain this proposition appellees cite section 1594, United States Compiled Statutes, which is as follows:

"No suit, action, or other proceeding lawfully commenced by or against the head of any department or bureau, or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

Subdivision (a) of section 206 of the federal Transportation Act of 1920, provides as follows:

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Actions at law, suits· in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any· carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916) of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits, or proceedings may within the perods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

And subdivision (d) of section 206 of the Federal Transportation Act of 1920 is as follows:

"Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a)."

The President's proclamation, taking over the systems of transportation is as follows:

"Until and except so far as said Director shall from time to time otherwise by general or special order determine, such systems of transportation shall remain subject to all existing statutes and orders of the Interstate Commerce Commission, and to all statutes and orders of regulating commissions of the various states in which said systems be situated. But any orders, general or special, hereafter made by said Director, shall have permanent authority and be obeyed as such."

Under these various statutes it is clear that the question of substitution of parties and the time when such substitution shall be made are subject to state statutes, and any limitation of the time when such substitution is to be made is controlled by the state laws of limitation.

The questions here presented were passed on by the Tenth Court of Civil Appeals in an opinion showing thorough consideration of the matter, and we feel persuaded of the correctness of such opinion rendered by them in the case of Hill v. Davis, 257 S. W. 340. We therefore cite such case and the authorities therein cited as sustaining our holding in this case.

The Tenth Court of Civil Appeals, in the case of Davis v. Hagan, 255 S. W. 484, also held that such substitution could be made at any time before trial. The honorable Supreme Court, in the case of Payne v. Cummins, 243 S. W. 975, after the final judgment in that court, acting on a motion to recall mandate and to correct judgment by substituting the successor of Payne, Director General, recalled the mandate and permitted the correction of the judgment in that court by such substitution of the successor of Payne.

We therefore hold that the trial court erred in his judgment dismissing this cause, and we reverse such judgment, and remand the cause to that court for trial, with instructions to permit substitution of James Cox Davis, as prayed for.

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes