KILGORE v. HINES, Director General of Railroads, et al.    (No. 2230.)

(Court of Civil Appeals of Texas.    Amarillo. Oct. 29; 1924.)

1. Railroads ⊗⟞5½, New, vol. 6A Key-No. Series—In action against Director General time of substitution of successor governed by state statute.

In action for damages for stock killed by train against retiring Director General of Railroads, notwithstanding U. S. Comp. St. § 1594, providing for substitution of Director General's successor, time of such substitution is governed by state statute.

2. Limitation of actions ⊗⟞125—United States ⊗⟞125—Action against Director General of Railroads one against government; amendment by plaintiff substituting successor of Director General of Railroads not new cause of action within statute of limitations.

Action against the Director General of Railroads in official capacity is in reality against United States; and where action against retiring Director General, erroneously made railroad codefendant, amendment substituting Director General's successor was not statement of new cause of action within statute of limitations, though such substitution was not within two years of accrual of action.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Action by C. L. Kilgore against Walker D. Hines, Director General of Railroads, and another. From an order denying motion to substitute James Cox Davis as Agent of the United States and dismissing the action, plaintiff appeals. Reversed and remanded, with instructions.

Underwood, Jackson & Johnson, of Amarillo, for appellant.
Stone & Guleke, of Amarillo, for appellees.

RANDOLPH, J. This case was originally filed by appellant against Walker D. Hines, Director General of railroads, and the Chicago, Rock Island & Gulf Railway Company; to recover damages occasioned plaintiff by defendant railway in the killing of certain stock by said railway. The Director General

answered by general demurrer and general denial and special answer, and the defendant railway filed its plea in abatement setting forth that the cause of action alleged in plaintiff's petition accrued during federal control and that no action could be maintained against such defendant.

Plaintiff filed his first amended original petition on February 8, 1921, praying that John Barton Payne, as Agent appointed and designated by the President of the United States, be made a party, retaining defendant railway company in the suit and dropping Walker D. Hines as Director General from the case. Plaintiff also, on November 27, 1922, filed a motion to substitute James Cox Davis as such designated Agent in lieu of John Barton Payne, who was alleged to be no longer the Agent designated by the President of the United States to act in that capacity.

On March 3, 1923, James Cox Davis, as Federal Agent and Director General of railroads, filed his motion to dismiss the cause for the reasons: First, that substitution of himself was not made within 12 months after termination of the term of office of Walker D. Hines and John Barton Payne, or either of them, as required by section 1594, United States Compiled Statutes, Act February 8, 1899; and, further, because the motion to substitute is bad in law upon its face, and because the action is barred by the two years' statute of limitation.

Acting upon the motion to substitute and the motion to dismiss the cause, the trial court overruled the motion to substitute and dismissed the cause of action, and the plaintiff thereupon appealed to this court.

[1] In the recent case of Mickle et al. v. Hines, Director General of Railroads, et al., 263 S. W. 1078, this court has held that under the various statutes controlling the questions of substitution of parties, the time when said substitution shall be made is governed by the state statutes. Hence the motion to substitute James Cox Davis should have been sustained. In that case we approved the holding of the Court of Civil Appeals for the Tenth District in the case of Hill v. Davis, 257 S. W. 340.

[2] The second ground urged in defendant Davis' motion to dismiss the case, that said cause of action was barred by the two years' statute of limitation, cannot be sustained.

The original petition in this suit was filed on May 24, 1920, and declared upon a cause of action accruing January 18, 1919. Such suit was brought against Walker D. Hines, Director General of Railroads under the United States Railway Administration, and the Chicago, Rock Island & Gulf Railway Company. While the railway company was improperly joined in the suit with the Director General, Payne v. Cummins (Tex.

Com. App.) 243 S. W. 974, yet as to the Director General the suit was properly brought.

Appellee's contention that by reason of the misjoinder of parties, the suit was never properly brought, and, brought in this form, did not prevent the running of limitation, and for that reason the attempt of the appellant, plaintiff below, to substitute appellee Davis as party defendant, was prohibited by such bar of the two years' statute of limitation.

The cause of action, if any existed, was against the United States government, and the fact that the laws of the United States required the suit to be brought against the Director General, and the time of substitution of the Agent selected by the United States government, did not change the cause of action, and such substitution was not the creation of a new cause of action, and for that reason the failure to substitute within two years did not apply to the cause of action itself.

The fact that the suit was wrongly brought does not prevent the substitution of the agent of the United States government by amendment. Cohen v. Davis (Mass.) 142 N. E. 75; Ætna Mills v. Director General of Railroads, 242 Mass. 255, 136 N. E. 380. And the substitution is allowed, though more than two years have elapsed since the termination of federal control.

The substitution of the Director General is, practically, only a change made in the status of the parties against whom relief is sought and does not affect the action itself. St. Louis, etc., Railway Co. v. Smith (Tex. Civ. App.) 171 S. W. 512; Texarkana, etc., Railway Co. v. Casey (Tex. Civ. App.) 172 S. W. 729.

The judgment of the trial court will be reversed with instructions to dismiss the cause of action as to the Chicago, Rock Island & Gulf Railway Company, defendant, and to permit the substitution of James Cox Davis as agent of the President of the United States as prayed for.