(No. 16466.—Judgment reversed.)

JAMES C. DAVIS, Director General of Railroads, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (CHRIST SCHAEFER, Defendant in Error.)

*Opinion filed February 17, 1925.*

1. ACTIONS AND DEFENSES—*Federal government cannot be sued without its consent.* No one has a right to bring an action or suit against the Federal government unless that right be given by the government, and neither the State nor the Federal courts have jurisdiction to entertain such actions in the absence of permission by the government.

2. RAILROADS—*conditions for suing Federal government while in control of railroads must be strictly complied with.* The terms and conditions prescribed in the Federal Control and Transportation acts under which actions might be brought on claims arising out of Federal control of railroads must be strictly complied with.

3. WORKMEN'S COMPENSATION—*when Director General cannot be substituted as defendant in proceeding against a railroad company—estoppel.* Where liability of a railroad company under the Compensation act arises while the company is under Federal control but a proceeding for compensation is instituted by filing claim against the company and not against the Director General, the latter cannot be substituted as defendant to a petition filed more than two years after the expiration of Federal control and after payments of compensation had ceased, as section 206 of the Transportation act of 1920, providing that actions shall not abate upon expiration of Federal control, applies only where the action is originally instituted against the government; and the fact that the Director General had paid compensation up to the time the petition was filed cannot operate as an estoppel against the government.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

EDWARD C. KRAMER, RUDOLPH J. KRAMER, BRUCE A. CAMPBELL, and ROLAND H. WIECHERT, for plaintiff in error.

SILAS COOK, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

On May 27, 1919, defendant in error, while in the line of his employment, was injured by the Southern Railway Company while it was under the control of the Federal government as provided by the Federal Control act of August 29, 1916. The road was at that time operated by the Director General of Railroads of the United States railroad administration. Compensation not having been paid, defendant in error on October 13, 1919, filed with the Industrial Commission of Illinois an application for compensation against the Southern Railway Company. The Director General was not made a party but thereafter from time to time made payments of amounts due under the Compensation act. This continued until August 1, 1921, when payments were stopped. The amount due up to August 1 was paid on September 23, 1921. The total payments amounted to $1489.85. Further payment being refused by the Director General, defendant in error on the 15th day of February, 1922, filed a petition in the original cause then pending before the Industrial Commission against the Southern Railway Company for a hearing on the original petition. Such hearing was had on March 8, 1922, at which time a motion was made to substitute as respondent "James C. Davis, Director General of Railroads, as agent, under section 206 of the Transportation act of February 28, 1920, in control of Southern railroad." Objection was made to this order, and a motion was filed to dismiss the cause on the ground that the original petition filed with the Industrial Commission on October 13, 1919, was against the

Southern Railway Company, while at the time of the injury that railroad was operated by the Director General of Railroads of the United States railroad administration; that the cause was not brought against him, nor was it brought against the designated agent provided by the Transportation act, within two years after February 28, 1920, as required by paragraph (*a*) of section 206 of that act. The arbitrator denied the motion and substituted plaintiff in error as defendant to the original petition, and on April 14 entered an award in the sum of $13.26 per week for a period of 53 weeks for temporary total incapacity and the sum of $13.26 per week for a period of 122½ weeks, as provided by paragraph (*e*) of section 8 of the Compensation act, for the reason that the injury sustained caused permanent loss of seventy per cent of the use of the left leg. The total amount of this award was $2327.13, of which $1489.85 had been paid, leaving an unpaid balance of $837.28. The arbitrator's award was confirmed by the Industrial Commission and the circuit court of St. Clair county, and the cause comes here on writ of error.

Plaintiff in error urges that the motion to dismiss made before the arbitrator should have been allowed for the reason that the cause of action was commenced against the Southern Railway Company and not against the Director General of Railroads of the United States railroad administration under the Federal Control act of 1916, or against plaintiff in error, as agent, under the Transportation act, within the time required by that act. It is not disputed that the Director General under the railroad administration, and the Director General, as agent, under the Transportation act, together paid defendant in error the sum hereinabove set forth.

Paragraph (*a*) of section 206 of the Transportation act is as follows: "Actions at law, suits in equity and proceedings in admiralty based on causes of action arising out of the possession, use or operation by the President of the rail-

road or system of transportation of any carrier under the provisions of the Federal Control act, or of the act of August 29, 1916, of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against the agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by State or Federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which, but for Federal control, could have had jurisdiction of the causes of action from time to time arising against such carrier."

The order of the arbitrator substituting the plaintiff in error for the Southern Railway Company was entered on March 8, 1922, more than two years after the passage of section 206 of the Transportation act, but defendant in error contends that the original petition against the Southern Railway Company was, in effect, a petition filed against the Director General of Railroads under the United States railroad administration, predecessor of plaintiff in error, and that under paragraph (*d*) of section 206 of the Transportation act the substitution of the plaintiff in error was proper. The language of that paragraph is as follows: "Actions, suits, proceedings and reparation claims, of the character above described, pending at the termination of Federal control, shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (*a*)." The principal question in the case therefore is whether or not the petition for compensation filed on October 13, 1919, against the Southern Railway Company constituted an action, suit or proceeding pending at the termination of Federal control, within the contemplation of section 206 of the Transportation act.

Cases arising out of the Federal control of railroads are in reality claims against the United States. No one has a right to bring an action or suit against the Federal government unless that right be given by the government. The United States government, like all sovereign powers, has power to deny the right to institute a suit against it. This being true, the government had power to prescribe the terms and conditions under which actions might be brought on claims arising out of Federal control of railroads, and when so prescribed the same must be strictly complied with. In the absence of such permission the government is immune from suit, and such immunity would constitute a complete defense. Aside from the grant of permission to bring actions for injuries against the United States, neither the State nor Federal courts had jurisdiction to entertain such actions. *Tempel* v. *United States,* 248 U. S. 121; *United States* v. *Nederlantsch,* 254 id. 148; *Hire* v. *United States,* 149 id. 593; *Missouri Pacific Railroad Co.* v. *Ault,* 256 id. 554; *Western Union Tel. Co.* v. *Posten,* 256 id. 662; *Dahn* v. *Davis,* 258 id. 421; *Hans* v. *State of Louisiana,* 134 id. 1.

When the cause of action arose in this case the railroad and the train causing the injury were in the exclusive possession, control and management of the United States government under an act of Congress. The Federal government was subject to liability. Its designated agent was the only proper party defendant to an action against the government. (*Missouri Pacific Railroad Co.* v. *Ault, supra.*) When this railroad was returned to the Southern Railway Company by the Federal government under the Transportation act it was provided by that act that the President designate an agent who should represent the government for purposes of suit in all causes of action which had arisen during Federal control of railroads. Plaintiff in error was so designated. The petition filed in this case was not such as would affect liability of the government for the injury complained of, but was filed against the railroad company.

It follows that at the time of the passage of section 206 of the Transportation act no suit or action of which the government was bound to take cognizance had been filed, and the fact that the Director General voluntarily paid compensation to defendant in error under the latter's petition filed against the Southern Railway Company does not, as is argued by counsel for defendant in error, constitute an estoppel against the government, for the sufficient reason that there can be no such thing here as estoppel against the government. Consent to sue was given by act of Congress and the conditions imposed must be literally complied with. (*Hans* v. *State of Louisiana, supra.*) Those conditions were not met by filing a petition for compensation against the railway company and such petition constituted no action against the government.

It is urged by defendant in error that he took the earliest opportunity to make the motion to substitute plaintiff in error for the Southern Railway Company, and that therefore it cannot be said that the limitation of the Transportation act had run against him. Since, as we have seen, there was no cause of action against the government, and the Director General was in nowise a party to the original petition for compensation, there was no one for whom the Director General, as agent under the Transportation act, could be substituted. Defendant in error had ample opportunity, after the payment of compensation was stopped, to file a proceeding against the proper agent or representative of the Federal government. This was not done, and he cannot now complain because the limitation of the Transportation act prevents further opportunity.

In *Fahey* v. *Davis,* 195 N. W. (Mich.) 46, it was held that the Transportation act of 1920, terminating Federal control of railroads on March 1, 1920, and authorizing suits arising out of Federal control to be brought thereafter against an agent designated by the President within the time limited therein and authorizing the substitution of

such agent for the Director General in suits pending at the time of the termination of Federal control did not apply to actions brought against a railroad prior to termination of Federal control. It was held that such cases could not be said to be pending at the time of such termination within the meaning of that statute, and the substitution of the agent designated by the President for the railroad was not authorized.

In the case of *Davis* v. *Chrisp,* 252 S. W. (Ark.) 606, suit was brought against the Missouri Pacific Railroad Company on account of injuries sustained while the railroad was under Federal control. The suit was brought within two years after the injury. After the two years had expired plaintiff secured an order substituting James C. Davis, agent under the Transportation act, as defendant. Defendant pleaded the limitation of the Transportation act. The lower court held the Statute of Limitations inapplicable and a judgment was entered against Davis, as agent. This judgment was reversed by the Supreme Court of Arkansas on the ground that the Statute of Limitations had run, and the Supreme Court of the United States denied a petition for *certiorari.* (236 U. S. 710.)

In *Fisher* v. *Wabash Railway Co.* 235 N. Y. 668, suit was brought against the railroad company while it was under Federal control. After March 1, 1922, plaintiff sought to substitute as a party defendant the agent designated by the President under the provisions of the Transportation act. This right was denied and the New York Court of Appeals sustained the order of the lower court. A writ of *certiorari* was denied by the Supreme Court of the United States in that case. (263 U. S. 706.) To the same effect are *Dubicd* v. *Pennsylvania Railway Co.* 139 N. E. (N. Y.) 739, and *Weil* v. *New York Central Railroad Co.* 139 id. 738.

Defendant in error cites *Payne* v. *Hayes,* 104 S. E. (Ga.) 917, and *Lanier* v. *Pullman Co.* 105 S. E. (N. C.) 21, as sustaining his contention that he has here a right of

substitution. The former of these cases holds that the Director General under railroad administration or agent under the Transportation act may be made a party defendant by amendment, but it is not authority for the proposition that suit against the railroad is suit against the Director General. The effect of the limitation of section 206 of the Transportation act was not discussed. In the latter case it was held that the question of misjoinder or non-joinder of proper parties was not properly raised in the case and was not decided. The Statute of Limitations was likewise not involved. It holds that a railroad may be sued under the act of Congress of March 21, 1918, (1 U. S. Stat. p. 456,) just as it could be sued prior to Federal control, and that when it was sued it was incumbent upon the Director General to defend the suit and to pay any judgment against the railroad out of income from that railroad which may have come into his hands, but that holding does not constitute authority for the position of defendant in error that a suit against the railroad is a suit against the government.

We are of the opinion that for the reasons hereinbefore given the petition for compensation filed against the Southern Railway Company on October 13, 1919, did not constitute a cause of action against the government and therefore no right of substitution of plaintiff in error as party defendant existed, and defendant in error not having filed a claim against the Director General or the agent designated by the President in accordance with the limitation provided by acts of Congress, the Industrial Commission was without jurisdiction to enter the award and the circuit court erred in confirming the same.

The judgment of the circuit court is therefore reversed.

*Judgment reversed.*