[Civ. No. 2927. Third Appellate District.—November 24, 1925.]

D. NATOLI, Respondent, v. JAMES C. DAVIS, as Agent, etc., Appellant.

[1] CARRIERS—INJURY DURING FEDERAL CONTROL—ACTION FOR DAMAGES—PARTIES—STATUTE OF LIMITATIONS.—Where plaintiff's action for damages for injury to grapes in transit in the fall of 1919, while the carriers on which the grapes were shipped were under governmental control, was not begun until about twenty-one months after the passage of the federal Transportation Act of 1920, and the defendants named therein were the initial carrier and the agent appointed pursuant to the provisions of section 206 of said act, but who had retired from office about seven months previously, and the amended complaint naming as defendant the successor of said agent was not filed within one year after his appointment, or until about thirty months after the passage of said act, the demurrer of the latter, in which he alleged that the complaint did not state a cause of action and that the cause of action was barred by the provisions of section 339 of the Code of Civil Procedure and by subdivision *a* of section 206 of said Transportation Act, and his motion to dismiss were well taken.

(1) 15 C. J., p. 933, n. 87; 37 C. J., p. 1068, n. 88.

APPEAL from a judgment of the Superior Court of San Joaquin County. Geo. F. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Levinsky & Jones for Appellant.

Scott Rex for Respondent.

Federal control of railroads, notes, 4 A. L. R. 1680; 8 A. L. R. 969; 10 A. L. R. 956; 14 A. L. R. 234; 19 A. L. R. 678.

PLUMMER, J.—Action by plaintiff to recover damages for injury to grapes in transit while the carriers on which the grapes were shipped were under government control. Plaintiff had judgment and the defendant appeals.

The action was begun on the first day of November, 1921, naming as defendants Southern Pacific Company and John Barton Payne, as agent, under section 206 of the act of Congress of the United States, known as the Transportation Act. Summons was issued in said action on the fourteenth day of July, 1922, and on the sixteenth day of August, 1922, an amended complaint was filed herein naming as defendants Southern Pacific Company and James C. Davis, as agent, under section 206 of the act of Congress of the United States, known as the Transportation Act, etc., and on the thirteenth day of October, 1922, a second amended complaint was filed herein, naming as defendant only James C. Davis, as agent as aforesaid. The shipment of grapes referred to herein took place in the fall of 1919. The defendant James C. Davis appeared and filed a demurrer to the second amended complaint, alleging, among other things, that said second amended complaint did not state a cause of action against said defendant and, also, that the alleged cause of action set forth in said second amended complaint was barred by the provisions of section 339 of the Code of Civil Procedure of the State of California, and by subdivision *a* of section 206 of the Transportation Act of the United States of 1920. The defendant also moved the court to dismiss the action, among other things, upon the ground that at the time the action was brought against the said John Barton Payne, as agent, etc., he was no longer such agent; that on the twenty-eighth day of March, 1921, said John Barton Payne retired from office as agent under said Transportation Act, and on said last-named date said James C. Davis had been appointed as said agent, under section 206 of the Transportation Act, and that no proceedings were taken or had by the plaintiff in the above-entitled action for the substitution of said James C. Davis as a party defendant in the place and stead of John Barton Payne within one year after March 28, 1921, in accordance with the terms of that certain act entitled "An Act to prevent the abatement of certain Actions" passed by the Congress of the United

States, and approved February 8th, 1899. The demurrer interposed by the defendant was overruled and his motion denied and the cause proceeded to trial.

Two questions only are presented for consideration upon this appeal: 1. The opening of the cause for the taking of further testimony by the court, and, 2. The question of the statute of limitations. We think it necessary only to consider the latter question. [1] The record shows that more than two years had elapsed before the bringing in of the defendant James C. Davis, as agent under the Transportation Act, and that at the time suit was instituted John Barton Payne was not the agent under said act and had not been for some period of time. The amended complaints were filed in this case under the provisions of sections 472 and 473 of the Code of Civil Procedure, before any answers were filed or appearances made by any of the defendants named in the several pleadings.

While the cases referred to by counsel speak of substitution of parties, under our procedure what took place in this instance was not, in fact, a substitution of parties as that act is referred to and provided for in our codes, but was a bringing in of new parties by the filing of the amended complaints and naming of them parties defendant therein. This distinction is set forth in *Kittle* v. *Bellegarde,* 86 Cal. 556, where the court, on page 563 [25 Pac. 55, 57], says:

"An order of court substituting a party is different from an order of court allowing 'a party to amend any pleading . . . by adding or striking out the name of any party' by authority of section 473 of the Code of Civil Procedure. The substitution is made by the court, whereas the amendment is allowed to be made by the party. A substitution may be made, on suggestion and proof of the requisite facts, at the instance of either party, and might have been made on the suggestion and at the instance of the defendants in this case; whereas an amendment by adding or striking out the name of a party is only allowed at the instance of the party whose pleading is to be so amended. Again, the substitution of a party plaintiff necessitates no change in the defense; whereas the addition or striking out of a party by amendment may require or admit of a different defense."

In *Jeffers* v. *Cook*, 58 Cal. 147, the court refers to the section of the code defining what constitutes the beginning of an action, to wit: "the filing of a complaint" (sec. 405, Code Civ. Proc.), and then goes on to speak of the effect of filing a supplemental, or amended complaint, bringing in new defendants. In that case the action was to foreclose a mortgage, where all the parties in interest were not made defendants in the original complaint. The court said:

"By moving, in the original action, to make the subsequent grantees of the mortgagor parties to the action, the plaintiff followed the course of procedure approved in *Goodenow* v. *Ewer*, 16 Cal. 465 [76 Am. Dec. 540], *Boggs* v. *Fowler*, 16 Cal. 561 [76 Am. Dec. 561]; *Ketchum* v. *Crippen*, 37 Cal. 225, and *Aldrich* v. *Stephens*, 49 Cal. 677. But her motion was not made, and her supplemental complaint was not filed until nearly six years after the cause of action stated in the original complaint had accrued; and, according to the rule for moving within reasonable time, enunciated in *Goodenow* v. *Ewer*, *supra*, it would seem to have been too late to resort to a remedy against new parties in aid of a cause of action which, as to them, was barred by the lapse of time within which, under the Code of Civil Procedure, an action could be brought against them upon the cause of action.

"But it is contended that the cause of action was not barred because the original complaint in the action having been filed against the mortgagor in statutory time, stopped the running of the Statute of Limitations. (350 Code Civ. Proc.) That as a legal proposition is true as to the mortgagor who was made the sole party defendant to the action at the time of filing the complaint. And it would, also, have been true as to those who were subsequently made parties defendants by the supplemental complaint, if they had been made parties before the statute had run in their favor. The filing of the original complaint, therefore, stopped the running of the Statute of Limitations only as to him who was the party defendant at the time it was filed; it did not stop the running of the statute in favor of those who were not made defendants in the action at that time; the statute continued to run in their favor. As to them, no action was commenced until the

filing of the supplemental complaint in which they were named as defendants. The supplemental complaint was a continuance of the original action as against the original defendant; but it was the commencement of a new action as to them. Until they were made parties to the bill the action cannot be considered as having been commenced against them.''

We do not find that this rule has been departed from in any subsequent California cases. The cases of *Walsh* v. *Decoto,* 49 Cal. App. 737 [194 Pac. 298], and also *Thompson* v. *Southern Pac. Co.,* 180 Cal. 730 [183 Pac. 153], had to do with the correction of the names of the parties defendants and were simply cases where a misnomer had occurred, and were not cases bringing in different parties defendant. Recognizing the principle that an action against a director-general of railroads, and his successor in office, as agent, designated by the President in suits against a railroad under government control, is, in substance and effect, a suit against the United States, several courts have held where the distinction is not made between bringing in new parties and substituting parties that the procedure adopted by the trial court in this action is correct. . These cases also are founded upon local statutes permitting the procedure in the respective states there adopted and followed. In the case of *Bailey* v. *Hines,* 131 Va. 421 [109 S. E. 470], the action was brought against Walker D. Hines, director-general, and as successor in office as the agent provided for in section 206 of the Transportation Act. The defendant Hines, named in said action, appeared and pleaded in abatement that before the institution of the action he had resigned as such director-general of railroads and agent, and that John Barton Payne had been appointed in his room and stead. The plaintiff thereupon asked leave to amend by substituting the name of John Barton Payne for that of Walker D. Hines, and moved the court to reject the defendant's plea in abatement, and to dismiss his motion to •quash, which request was declined, and also denied said motions. The plaintiff's objection to commencing a new action was that it would be barred by the statute of limitations. Upon this showing the supreme court of Virginia, citing the local code provisions of that state, held that the plaintiff's motion should have been

granted and the motion to quash the proceedings should have been denied and remanded the cause for further hearing. In *Arkansas Land & Lumber Co.* v. *Davis*, 155 Ark. 541 [244 S. W. 730], the supreme court of Arkansas had before it similar questions to those presented here and it was held that where: "A person not federal Director General was in that capacity made defendant, and later plaintiff substituted the real incumbent, the time of bringing suit and not time of substitution determined the three years' limitation against plaintiff, since the substitution was, under Crawford & Moses' Dig. Par. 1239, an allowable amendment in form to correct defendant's name." The action in that case was brought against John Barton Payne, as director-general of railroads, within three years after the cause of action accrued, and later when it was ascertained that Payne was not such director at the time suit was instituted, James C. Davis, who was such director at that time, was substituted as defendant. In the cases of *Hill* v. *Davis* (Tex. Civ. App.), 257 S. W. 340, *Mickle et al.* v. *Hines, Director General of Railroads et al.* (Tex. Civ. App.), 263 S. W. 1078, and *Kilgore* v. *Hines* (Tex. Civ. App.), 265 S. W. 744, the court of civil appeals, following the local statutes of that state, permitted substitution. The case of *Kilgore* v. *Hines* cites the cases of *Cohen* v. *Davis*, 247 Mass. 259 [142 N. E. 75], and *Aetna Mills* **v.** *Director General of Railroads*, 242 Mass. 255 [136 N. E. 380], where substitution was allowed even though more than two years had elapsed after the termination of federal control. These Massachusetts cases, as will hereafter appear, were subsequently overruled by the United States supreme court. In the case of *Aetna `Mills* v. *Director General, etc., supra,* the court, in discussing the Transportation Act, said:

"That statute impliedly imported into it the state practice with reference to substituting a new defendant by amendment," citing cases.

"The construction of section 206 of the Transportation Act for which the defendant contends, namely that it permits the substitution of the agent designated by the President only in suits 'properly brought and pending at the termination of Federal control' seems to us unwarranted by the language of the entire act, and inconsistent with

its comprehensive scope, contemplating as it does the settlement of matters arising out of Federal control, in all the States. Admittedly the decisions which it cites are not decisive. In *Bryson* v. *Great Northern Railway,* 61 Mont. 351 [203 Pac. 529], the plaintiff, after judgment had been rendered against the railroad company, sought to substitute the Federal agent as defendant, and affirm the judgment as against him, without giving him a day in court. In *Tutsch* v. *Director General of Railroads,* 52 Cal. App. 650 [199 Pac. 861], the local statute of limitation had operated as a bar in favor of the Director General when the plaintiff sought to make him party defendant. A proposed amendment to substitute the federal agent as the sole defendant was denied as not authorized by the language, in *Atkinson* v. *Philadelphia, Baltimore & Wash. Railroad,* 137 Md. 632 [113 Atl. 110], and as not permissible under the Alabama code in *Currie* v. *Louisville & Nashville Railroad,* 206 Ala. 402 [19 A. L. R. 675, 90 South. 313]; *Neely* v. *Payne,* 126 Miss. 854 [89 South. 669], recognizes that action under the Transportation Act should be brought against the federal agent and not against the carrier; but does not affect the question raised in the case at bar.

"Finally the substitution of the defendant Davis was lawful and in accordance with the practice in this Commonwealth. The cause of action remained the same, in fact. And G. L. c. 231, Par. 138, expressly states 'The cause of action shall be considered to be the same for which the action was brought, if the court finds it to be the cause of action relied on by the plaintiff when the action was commenced, however, the same may be misdescribed; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action,' (quoting cases). Our practice act, G. L. c. 231, Par. 51, provides: 'The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defense,' (citing cases)."

It is to be observed that we have nothing of that kind in the code provisions concerning the practice or the bringing in of parties in the state of California. Following the same rule, as laid down in the Aetna Mills case, the supreme court of Massachusetts, in *L. L. Cohen & Co., Inc.,* v. *Davis, Agent,* 247 Mass. 259 [142 N. E. 75], held 'where one wrongfully brought an action against a railroad instead of against the government in control thereof, the representative of the government could be made a party by substitution and this substitution could take place more than two years after the termination of government control, where the action was commenced before the expiration of federal control, under Transportation Act of 1920.

Subdivision *a* of section 206 of the Transportation Act reads as follows: "Causes of Action Arising Out of Federal Control—(a) Actions at Law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the Act of August 29, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

In the case of *Fischer* v. *Wabash Ry. Co.,* 235 N. Y. 568 [139 N. E. 738], the court of appeals of the state of New York had certified to it five questions relating to matters which we are here considering. Four of the questions were answered, one was not. The trial court denied the motion for substitution. This order was affirmed. The affirmance of the order had the effect of holding by the court that substitution could not be made after the period of time mentioned in the statute and that the order of substitu-

tion would be, in effect, bringing in new parties and not simply correcting a misnomer of the party defendant.

In *Fahey* v. *Davis*, 224 Mich. 371 [195 N. W. 46], it was held: Under "Transportation Act 1920, Sec. 206, terminating federal control of railroads March 1, 1920, and authorizing suits arising out of federal control, brought after the termination of federal control, to be brought against an agent designated by the President, within the prescribed period of limitations, and authorizing the substitution of such agent for the Director General, in suits pending at the termination of federal control, a suit for death in 1919, brought against a railroad company after the termination of federal control, was not pending at the time of such termination, and the substitution of the agent designated by the President was therefore unauthorized, and since the agent was not made a party till more than two years after the cause of action accrued, the action was barred," and also approved the language of the supreme court in *Currie* v. *Louisville & N. R. Co., supra,* where it is said:

"This cause of action arose in April, 1919, during federal control of railroads. The railroads were returned to the owners by act of Congress on February 28, 1920; and under this act John Barton Payne was designated as the agent to be sued. This was done before this suit was filed. This suit was filed against this defendant on April 14, 1920. The substitution of the designated agent for the defendant in all pending suits, as authorized by the act, is not applicable to this case. This was not a pending suit when the federal control terminated. It should have been filed against John Barton Payne, Director General of Railroads. It was filed against the Louisville & Nashville Railroad Company. A granting of the motion to substitute John Barton Payne, the agent designated by the President, as the sole party defendant, would work an entire change of the party defendant, and therefore offend our amendment laws, and this substitution is not authorized under the federal act of Congress, as it was not a pending cause when the federal control terminated. Hence there was no error in refusing the motion."

In *Davis* v. *Griffith*, 103 Okl. 137 [229 Pac. 499], the supreme court of Oklahoma had before it a situation identical with that presented in this case. It was there held

that an action based upon matters occurring during federal control of railroads against John Barton Payne, a former presidential agent, did not make the United States government a party defendant to such action; and an attempted substitution of James C. Davis, the duly appointed and acting presidential agent, for John Barton Payne, agent, resigned, did not confer jurisdiction over the United States government, and such jurisdiction could be acquired, only, by proper service of process; that the United States had a right to prescribe the exact manner in which it could be sued and that a strict compliance with its terms was necessary, whether the same were considered reasonable or unreasonable. This case takes up and sets forth the history of the federal legislation relating to government control of railroads and shows that prior to the act of 1920 actions might be begun against the director-general without naming him, but that after the passage of the act of Congress, dated February 28, 1920, it was necessary to begin actions against the particular person named by the President to be sued in order that a valid judgment might be obtained against the revolving fund, which had been created by Congress, out of which judgments for damages might be satisfied. It was there argued that the substitution in name of James C. Davis for John Barton Payne was simply correcting the description or name of the real defendant. This argument is there answered, and in the conclusion of the consideration of this case the court said:

"It is an elementary rule of law that the United States government cannot be sued without its consent, and, if it gives its consent, it has the right to prescribe the terms and conditions upon which it may be sued; and it can be sued, only, by compliance with such terms and conditions, whether reasonable or unreasonable," and further:

"We conclude that the United States could be sued, only, by making the agent, named by the President under Transportation Act of 1920 for such purpose, party defendant, who in this instance was James C. Davis; and that the trial court acquired no jurisdiction by the attempted substitution of Davis for Payne, since such jurisdiction could be had, only, by service of process."

This holding is, in effect, that the bringing in of Davis was the institution of the action as to him and as against the United States, and as this was not done within the period of time prescribed by the statute of limitations, the action was barred.

In *Vassau* v. *Northern Pac. Ry. Co.*, 69 Mont. 305 [221 Pac. 1069], the supreme court of Montana had before it for consideration the same questions which are presented here. It was there held that: "A complaint in an action arising during federal control of railroads, brought against the railroad and a former presidential agent, designated under Transportation Act of 1920, did not make the United States a responsible defendant, and an order pursuant to which the pleadings were amended by designating the acting presidential agent was unauthorized, where the cause of action was then barred"; that the bringing in of the actual agent constituted the making of the United States a defendant, and as this was not done until after the two-year period had elapsed, the amendment was too late. The argument was advanced in that case that the naming of John Barton Payne, as director-general, etc., was sufficient to bring in the United States as a defendant. The court held, however, as we have stated, that such was not the case, and that a suit against a former agent was wholly ineffectual upon which to predicate an amendment bringing in the actual agent after the two-year period. In the Vassau case the court refers to the case of *Bailey* v. *Hines, supra,* and also to the case of *Arkansas Land & Lumber Co.* v. *Davis,* decided by the supreme court of Arkansas, and says: "We think that in each instance undue prominence was given to local statutory provisions authorizing amendments of pleadings, and that the real question in controversy was either overlooked or passed with but slight notice. In the instant case, counsel for plaintiffs rely upon the decisions in those cases and upon our statute of amendments. It is our opinion that the statute referred to has no application whatever to the question now before us." The court then comments upon the absolute right of the government of the United States to prescribe the terms and conditions upon which it may be sued and the necessity of compliance therewith. The opinion further states that in the proceeding before it, which is iden-

tical with the cause at bar: "The complaint did not state a cause of action against either of the parties originally made defendants. The only means by which the responsible defendant—the United States—could be sued was by making James C. Davis, presidential agent, defendant and this was not done until February 4, 1922. Plaintiffs choose to sue the wrong party and must abide the consequences of their error. *Davidson* v. *Payne,* 289 Fed. 69. The effect of the order of February 4, 1922, was not merely to amend the pleading by correcting the name of the defendant, but to bring into the action for the first time the only responsible defendant, the United States."

In the case of *Tutsch* v. *Director-General of Railroads,* 52 Cal. App. 650 [199 Pac. 861], this court, in the second division thereof, speaking through Justice Shaw, held: "Where an action for personal injuries due to the negligence of a railroad company while the company was under government control was brought after the termination of such control against the Director-General of the Railroads, instead of against the agent appointed by the President, and the plaintiff did not seek to make the agent a party defendant until after the expiration of one year from the accrual of the cause of action, the action as to such agent was barred by the statute of limitations and properly dismissed." It was also held in that case that the agent acting for the United States government was not in a position to waive the bar of the statute. This case also refers to the rule which we have heretofore cited: "The general rule is that unless an action is commenced against a party within the statutory period, or unless such party is by proper proceedings made a defendant by amendment prior to the expiration of such period, no judgment can be had against such defendant, unless the statute is waived." The court also recognized the rule that in suing the United States government, the conditions embodied in the statute permitting such actions must be strictly complied with. It was there held that the application to amend the pleadings and bring in the person who was then the agent appointed under the Transportation Act of 1920, after the running of the statute was properly denied.

We have referred to the various cases cited for the purpose of definitely setting forth the law in this state in re-

lation to amendments bringing in new parties under the code provisions of this state, as well as the Transportation Act of 1920, and also for the purpose of showing what cases set forth the law applicable to such as the one at bar, and the cases which have been, in effect, overruled by the United States supreme court. Whatever confusion may have arisen by the decisions in the several cases which we have cited, the law is now definitely settled in the case of *Davis* v. *L. L. Cohen & Co.*, 268 U. S. 638 [69 L. Ed. 1129, 45 Sup. Ct. Rep. 633], decided by the supreme court on June 8, 1925. This is the Massachusetts case to which we have heretofore referred where the defendant Davis was permitted to be brought in by way of substitution, after the two-year period specified in subdivision (a) of section 206 of the Transportation Act had expired. The substitution was permitted under the statutes of the state of Massachusetts, to which we have heretofore referred. It appears, as stated in the opinion of the supreme court of the United States, that the defendant, James C. Davis, was brought into the case in practically the same manner as he was brought into the case with which we are dealing. Davis interposed the objection that the time prescribed by the Transportation Act had expired, and any provisions of the Massachusetts laws purporting to authorize such a proceeding were repugnant therewith and void. The supreme court of Massachusetts allowed the amendment and also held that their local laws relating to substitution, which provided, in effect, in the event of substitution that the beginning of the cause of action related back to the filing of the original complaint in the action, and not from the time of substitution, or the bringing in of the agent as the defendant prevailed. The supreme court of the United States, to which this case was taken by writ of error, in their opinion, among other things, said:

"The Transportation Act, which passed in February, 1920, provided that the Federal Control should terminate on March 1, 1920. It further provided, in section 206(a), that suits and proceedings based on causes of action arising out of the possession, use and operation of a railroad under Federal Control, of such character as prior thereto could have been brought against the railroad company, might, after the termination of Federal Control, be brought

against an agent designated by the President for such purpose, 'but not later than two years from the date of the passage of this Act.' It also provided, in section 206(d), that actions of the character above described, pending at the termination of Federal Control, should not abate by reason of such termination, but might be prosecuted to final judgment, substituting the agent designated by the President.

"At the termination of Federal Control there was no suit pending against the Director General to enforce the liability of the Government. The amendment of the writ and declaration in the suit against the Railroad Company, in October, 1922, by substituting the designated agent as the defendant, was, in effect, the commencement of a new and independent proceeding to enforce this liability. Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of section 206(a) requiring such an action to be instituted not later than two years after passage of the Act. This was the only consent the Government had given to being sued in such an action after the termination of Federal Control. Nor was this amendment authorized under section 206(d), which related solely to the substitution of the designated agent as the defendant in a suit which had been previously brought against the Director General to enforce the liability of the Government, that is, merely authorized the substitution, in such a suit, of another Federal Agent for the one already before the court. It had no application to suits pending against a railroad company alone in which there was no Federal Agent for whom the designated Agent could be substituted, where the substitution of the designated agent for the railroad company would work an entire change in the cause of action.

"These conclusions, we may add, are substantially the same as those of the State courts in *Fahey* v. *Davis*, 224 Mich. 371 [195 N. W. 46], *Fischer* v. *Wabash Railway*, 235 N. Y. 568 [139 N. E. 738], *Currie* v. *Louisville & N. Railroad*, 206 Ala. 402 [90 South. 313, 19 A. L. R. 675], *Davis* v. *Chrisp*, 159 Ark. 335 [252 S. W. 606], and *Davis* v. *Industrial Commisssion*, 315 Ill. 341 [146 N. E. 569].

"It results that the provisions of the Massachusetts General Laws under which the plaintiff was allowed to amend

the writ and declaration so as to substitute the designated agent as the defendant instead of the railroad company, as construed and applied in the present case, are void because of repugnancy to section 206 of the Transportation Act.

"The judgment of the Superior Court is reversed, and the cause remanded to that court for further proceedings not inconsistent with this opinion."

The effect of this decision of the United States supreme court is to overrule all the cases relied upon by the plaintiff and respondent in this action, and as it is one in which the United States is, in substance and effect, attempted to be made the responsible party, this court is bound by the decision of the supreme court of the United States in the Cohen case. It follows that the demurrer of the defendant Davis and his motion to quash were both well taken.

The judgment of the lower court is reversed, with directions to either grant the defendant's motion or sustain the defendant's demurrer without leave to amend.

Hart, J., and Finch, P. J., concurred.