[Civ. No. 54. Fourth Appellate District.—November 20, 1929.]

VALLEY LUMBER COMPANY (a Corporation), Appellant, v. JAMES C. DAVIS, etc., Respondent.

J. Stewart Ross and R. B. Whitelaw for Appellant.

Hickox & Trude for Respondent.

SLOANE, P. J.—This appeal originally taken to the Supreme Court from a judgment of the Superior Court of Imperial County in favor of the defendant, has been transferred to this court for decision.

The action was brought by the plaintiff, Valley Lumber Company, to recover damages for the destruction of a Ford automobile valued at six hundred dollars, through a collision with a train of the Southern Pacific Company, while said railroad company was being operated under the control of the government of the United States.

The federal control of this railroad was terminated by act of Congress on March 1, 1920, before the original complaint herein was filed. The Transportation Act, approved February 28, 1920, was, however, then in effect, and authorized the maintenance of such an action under and within the time prescribed by section 206a of said act (41 Stat. 461, 49 U. S. C. A., sec. 74(a), as follows:

"'Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the president of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or the Act of August 29,

1916), of such character as prior to Federal Control could have been brought against such carrier, may after the termination of Federal control, be brought against an agent designated by the president for such purpose, which agent shall be designated by the president within 30 days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by state or federal statute, but not later than two years from the date of the passage of this act, be brought in any Court which but for Federal control, would have had jurisdiction of the cause of action, had it arisen against such carrier.''

The original complaint thus filed, if it was sufficient to give jurisdiction of the cause of action against the United States through its duly constituted agent, was instituted within the period prescribed. This original complaint named as defendants the Southern Pacific Company and Walker D. Hines, as the regularly appointed and duly acting director-general of railroads. At the time the accident happened Walker D. Hines was the director-general and presidential agent in charge of this railroad, but he had resigned May 18, 1920, and was not, at the time of instituting the suit, the director-general or agent of the federal government in the control of this railroad.

A demurrer to this original complaint was sustained by the trial court on September 14, 1923, and on April 2, 1925, an amended complaint was filed making James C. Davis, the then director-general of railroads and presidential agent, the sole defendant. This amended complaint was filed more than two years after the accident complained of, and more than two years after the passage of the Transportation Act and statute of limitations thereon on March 1, 1920. It is the contention of respondent that no cause of action was stated, and that jurisdiction was not obtained against the United States under the original complaint, for the reason that it was not brought against the official designated under the act as the agent of the government. Appellants take the position that such suit was authorized to be brought in the name of the office, and that it is immaterial that there was a failure to designate and make a party defendant to the suit the identical director-general and agent then in control.

The amended complaint was demurred to (1) on the ground that the complaint did not state a cause of action against the defendant; (2) that the court acquired no jurisdiction of the defendant in the action; and for further grounds of demurrer that the cause of action was barred under the specific provisions of the federal statutes and the laws of the state of California. The demurrer was sustained, and the plaintiff failing and refusing to amend, a judgment of dismissal was granted by the trial court, and a judgment for costs made and entered in favor of the defendant James C. Davis, director-general of railroads. The appeal is from this judgment.

█ The correctness of the judgment turns on the question of whether or not the filing of the original complaint against Walker D. Hines, who at the time had resigned as director-general of railroads, and who no longer represented the federal government, established a cause of action against the United States. If it did not, it clearly appears that such action could not be vitalized by the amended complaint, naming the then qualified officer of the government as the defendant, after the period of the statute of limitations had elapsed. Had the suit been originally commenced against the then incumbent director-general of railroads, it is not questioned that upon the appointment of a successor, the latter could have been substituted as party defendant and the action continued in force.

It is suggested that the manifest purpose of the action was to procure a judgment which should be enforceable against the funds of the railroad administration, and that the individual name of the agent to be sued was of no real consequence. This suggestion is answered by the fact that the Transportation Act provides explicitly that after the termination of federal control, an action of this character could be brought only against the agent designated by the president for that purpose. The authorities cited seem to indicate that in each instance the agent, and not his official title alone, must be named as defendant. While it is provided by the Transportation Act that "actions, suits, proceedings and reparations claims . . . properly commenced within the period of limitations prescribed, and pending at the time this subdivision takes effect, shall not

abate by reason of the death, expiration of the term of office, retirement, resignation or removal from office of the Director-General of Railroads, or the agent designated under subdivision (a), but may be . . . prosecuted to final judgment, substituting at any time before final judgment the agent then designated by the president then in office" (42 Stat. 1443, 49 U. S. C. A., sec. 74 (h) ; yet it will be observed that this right of substitution is predicated upon the action having been properly commenced within the period of limitations prescribed, and the proper commencement of such action would seem to require that it should be instituted against the individual and then acting director-general or agent of the government.

In *Davis* v. *Griffith,* 103 Okl. 137 [229 Pac. 499], the Supreme Court of Oklahoma had before it a similar substitution of defendants. It was there held that an action based upon matters occurring during federal control of railroads against John Barton Payne, a former presidential agent, did not make the United States government a party defendant in such action, and an attempted substitution of James C. Davis, the then duly appointed and acting presidential agent, for John Barton Payne, resigned, did not confer jurisdiction over the United States government, and that such jurisdiction could be acquired only by proper service of process against the then incumbent of the office, and that the United States had a right to prescribe the exact manner in which it could be sued, and that a strict compliance with its terms was necessary, whether the same was considered reasonable or unreasonable.

The case of *Natoli* v. *Davis,* 75 Cal. App. 309 [242 Pac. 895, 896], in an opinion by Plummer, J., goes quite exhaustively into a review of decisions bearing upon the manner of acquiring jurisidiction in this class of actions. That action was begun on the 1st of November, 1921, naming as defendants Southern Pacific Company and John Barton Payne, as agent, under section 206 of the act of Congress of the United States, known as the Transportation Act. The action was brought to recover damages to fruit in transit, while the railroad company in question was under government control. In October, 1922, an amended complaint was filed, naming as defendant only James C. Davis as agent

aforesaid. The defendant Davis brought and filed a demurrer to the amended complaint, alleging, among other things, that said amended complaint did not state a cause of action against said defendant, and also that the alleged cause of action set forth in the amended complaint, was barred by the provisions of section 339 of the Code of Civil Procedure of the state of California, and by subdivision A of section 206 of the Transportation Act of the United States of 1920. The defendant also moved the court to dismiss the action, among other things, upon the ground that at the time the action was brought against the said John Barton Payne as agent, under the original complaint he was no longer such agent, but had previously retired from office as such agent, and that the said James C. Davis had been appointed as agent for the government under said section 206 subsequently, and that no proceedings had been taken by the plaintiff for the substitution of said James C. Davis as a party defendant in the place and stead of John Barton Payne, within the period of limitation prescribed by the act. The case was considered on the question of the statute of limitations. The court says:

''The record shows that more than two years had elapsed before the bringing in of the defendant James C. Davis, as agent under the Transportation Act, and that at the time suit was instituted John Barton Payne was not the agent under said act, and had not been for some period of time.''

The court holds that the amendment naming James C. Davis as the sole defendant was not a substitution of said Davis as defendant in an action which had already been properly commenced against his predecessor, but that under the original complaint no action against the United States had been properly instituted, and that the effect of filing an amended complaint, naming the then incumbent as the sole defendant, was in effect to attempt to institute a new action which was barred by the statute of limitations.

By way of illustration, the court in the Natoli case refers to *Jeffers* v. *Cook,* 58 Cal. 147, citing the section of the code stating what constitutes causes of action, to wit, the filing of a complaint, and then going on to speak of the effect of filing a supplemental or amended complaint bring-

ing in new defendants. In that case the action was to foreclose a mortgage, where all the parties to the action were not made defendants in the original complaint. The court there says:

"By moving in the original action to make the subsequent grantees of the mortgagor parties to the action, the plaintiff followed the course of procedure approved in *Goodenow* v. *Ewer,* 16 Cal. 465 [76 Am. Dec. 540]," and other cases cited; and adds:

"But her motion was not made, and her supplemental complaint was not filed until nearly six years after the cause of action stated in the original complaint had accrued; and according to the rule for moving within a reasonable time enunciated in *Goodenow* v. *Ewer, supra,* it would seem to have been too late to resort to a remedy against new parties in aid of a cause of action which, as to them, was barred by the lapse of time within which, under the Code of Civil Procedure, an action could be brought against them upon the cause of action.

"But it is contended that the cause of action was not barred, because the original complaint in the action, having been filed against the mortgagor in statutory time, stopped the running of the statute of limitations."

The opinion continues: "That as a legal proposition is true as to the mortgagor, who was made the sole party defendant to the action at the time of filing the complaint. And it would also have been true as to those who were subsequently made parties defendants by the supplemental complaint, if they had been made parties before the statute had run in their favor. But they were not made parties until the statute had run. The filing of the original complaint, therefore, stopped the running of the statute of limitations only as to him who was the party defendant at the time it was filed; it did not stop the running of the statute in favor of those who were not made defendants in the action at that time; the statute continued to run in their favor. . . . We do not find that this rule has been departed from in any subsequent California cases."

The instant case was submitted by stipulation, on the briefs on file, being appellant's opening brief and respondent's brief. No reply brief was filed by appellant. Without going

further into a review of the authorities cited by respondent, the effect of which seems to be undisputed, we are of the opinion that the demurrer to plaintiff's amended complaint was properly sustained, and the judgment of dismissal is affirmed.

Barnard, J., and Marks, J., concurred.